UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Carol Cole surviving mother individually and as representative of the Estate of Stephanie Lynn (King) Eads (deceased) and all heirs and survivors including sisters, children and grandchildren,<br><br>    Plaintiff,<br><br>    v.<br><br>Taylor McAllister, *et al.*,<br><br>    Defendants. | Case No. 4:20-cv-00155-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has been presented with a Motion for Attorney's Fees and Request for Costs by County Defendants—Minidoka County, Cassia County, Mini-Cassia Justice Center, Jay Heward, George Warrell, Debbie Bell, Sergeant Frasier, Daniel Renz, Enrica Molina, Amber Prewitt, Kent McClellan, and Eric Snarr. Dkt. 125, 126. Plaintiff Carol Cole opposes the motions. Dkt. 128. For the reasons explained below, the Court will deny the motion for attorney's fees and grant the request for costs.

MEMORANDUM DECISION AND ORDER - 1

# BACKGROUND

Officers arrested Stephanie Eads for a probation violation and illegal possession of narcotics on January 8, 2020. Dkt. 55-12 at 7-9. From that day until her death from staphylococcus aureus sepsis and endocarditis on January 24, 2020, Ms. Eads was detained at the Mini-Cassia Criminal Justice Center (MCCJC). Dkt. 50-3 at 66, 129. Following Ms. Eads' death, her mother, Carole Cole, brought suit under 42 U.S.C. § 1983 for alleged violations of the Eighth and Fourteenth Amendments to the United States Constitution. Dkt. 5. Ms. Cole named several defendants in her § 1983 action, including County Defendants, who bring the present motion. Dkt. 5.

The claims in this case centered around the medical care that Ms. Eads received while detained at MCCJC. *See* Dkt. 5. In essence, Ms. Cole asserted the Defendants' failure to properly diagnose and treat Ms. Eads amounted to unconstitutional deliberate indifference. *See* Dkt. 5. Ms. Cole claimed County Defendants failed to properly oversee the medical care provided by the contracted Medical Health Authority and physician assistant, Taylor McAllister. Dkt. 5, 67.

After the close of discovery, County Defendants moved for summary judgment on Ms. Cole's remaining claims. Dkt. 55. The Court held a summary judgment hearing and granted County Defendants' motion at the hearing. Dkt. 114, 120 at 2. The Court also took under advisement Mr. McAllister's motion for

MEMORANDUM DECISION AND ORDER - 2

summary judgment, which the Court later granted in a written order. Dkt. 120. On July 12, 2021, final judgment was entered in favor of all Defendants. Dkt. 121.

County Defendants now move for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54.2, and 42 U.S.C. § 1988. Dkt. 126.

## LEGAL STANDARD

A court may, in its discretion, allow reasonable attorney's fees to the prevailing defendant in a § 1983 action as part of the costs. 42 U.S.C. § 1988(b). To allow attorney's fees, the court must make "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This rigorous standard applies to prevailing defendants because the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Id.* at 418-19, (internal quotation marks omitted); *see also id.* at 422 ("To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inherent in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes).

A civil rights claim under § 1983 is not "frivolous" merely because the "plaintiff did not ultimately prevail." *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th

**MEMORANDUM DECISION AND ORDER - 3**

Cir. 1993) (quoting *Christianburg*, 434 U.S. at 421-22 (1978)). If the plaintiff "made plausible arguments as to why they should prevail[,] the fact that the arguments were not successful doesn't make them frivolous." *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011).

Rather, a plaintiff's civil rights claim is "frivolous" if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case may be deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citation and quotation marks omitted). The prevailing defendant "bears the burden of establishing that the fees for which it is asking are in fact incurred solely by the need to defend against those frivolous claims." *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011).

When deciding a motion for attorney's fees, the Court fist considers whether the claim was meritless at the time the complaint was filed. *Christianburg*, 434 U.S. at 421-22 (1978). Attorney's fees may also be awarded "if a plaintiff continued to litigate a § 1983 claim after it became clear the claim was frivolous, unreasonable, or groundless." *Smith v. Banner Health Sys.*, 621 F. App'x 876, 882 (9th Cir. 2015) (citing *Christianburg*, 434 U.S. at 422 (1978)). In either case, attorney's fees may be awarded against an unsuccessful § 1983 plaintiff only "in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

MEMORANDUM DECISION AND ORDER - 4

# ANALYSIS

### A. County Defendants are the prevailing party and their motion for costs and fees is timely.

The Court initially turns to two preliminary matters. First, the parties agree that County Defendants are the prevailing party because the Court ruled in their favor on summary judgment. Dkt. 114. Second, the parties dispute whether the present motion for costs and fees was timely. Ms. Cole claims the motion was untimely because this Court orally granted County Defendants' motion for summary judgment during the hearing conducted on May 11, 2021. Ms. Cole asserts the 14-day window to file a request for costs and fees began to run on this date. *See* Fed. R. Civ. P. 54(d)(2)(B).

Federal Rule of Civil Procedure 54(d) provides that a motion for costs and attorney's fees must be filed no later than 14 days after entry of judgment. Fed. R. Civ. P. 54(d)(2)(b)(i). Rule 54(b) further states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

**MEMORANDUM DECISION AND ORDER - 5**

During the summary judgment hearing in this case, the Court took Mr. McAllister's motion for summary judgment under advisement. Dkt. 115 at 65. The Court later issued a written Order granting that motion. Dkt. 120. Only at that point, on July 12, 2021, did the Court enter final judgment in favor of all defendants and dismiss Ms. Cole's action in its entirety. Dkt. 121. The 14-day clock to file a request for costs and fees thus started running on July 12, 2021, rather than May 11, 2021. Consequently, the present motion, filed on July 26, 2021, is timely. Dkt. 125, 126.

### B.   The Court will not allow County Defendants attorney's fees.

County Defendants have not established that Ms. Cole's § 1983 claims were frivolous, unreasonable, or without foundation. The Court is not persuaded that the facts in this case and the plaintiff's litigation conduct amount to "exceptional circumstances" justifying an award of attorney's fees under § 1988. *Barry v. Fowler*, 902 F.2d at 773 (1990).

#### 1. The undisputed facts that County Defendants cite do not meet *Christianburg*'s standard for frivolous claims.

In this case, Ms. Cole's claims against County Defendants focused on their failure to question McAllister's diagnosis. *See* Dkt. 126-1 at 4. County Defendants argue that this is a frivolous, unreasonable, or foundationless claim because the undisputed evidence showed they were not responsible for Ms. Eads' medical care. *Id.* To support their argument, County Defendants point to two pieces of

MEMORANDUM DECISION AND ORDER - 6

undisputed evidence: first, that they "arranged for Ms. Eads to be seen by Mr. McAllister twice during her time at the Mini Cassia Criminal Justice Center" and second that "none of the County Defendants had the authority to order a blood test or prescribe medication." *Id*.

*Christianburg* instructs the Court to first determine whether a claim was frivolous at the time the complaint was filed. *Christianburg*, 434 U.S. at 422 (1978). County Defendants have not met this standard. When Ms. Cole began the present litigation, following her daughter's death in county custody, she likely had many questions and few answers. As she explains in her briefing, establishing the facts in this case required complex discovery, which included "a dozen depositions, five expert witnesses (the fee for one defendant witness was more than $10,000), thousands of pages of disclosure and three defense law firms." Dkt. 128 at 7. The purpose of discovery is to establish the factual basis by which a viable legal claim can be proven; litigants need only bring plausible claims prior to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Indeed, as the Ninth Circuit has recognized, "[t]here is a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial." *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003) (quoting *Mitchell v. Office of Los Angeles County*, 805 F.2d 844, 847 (1986)). County Defendants have not met their burden of showing

**MEMORANDUM DECISION AND ORDER - 7**

that facts were clearly established at the onset of litigation that made Ms. Cole's claims against them frivolous, unreasonable, or foundationless.

*Christianburg* further directs the Court to determine whether a plaintiff continued to litigate frivolous, unreasonable, or groundless claims after they clearly became so. *Christianburg*, 434 U.S. at 422 (1978). County Defendants' arguments that Ms. Cole "pursued" frivolous claims are apparently directed to this standard. Dkt. 126 at 3.

County Defendants prevailed at the summary judgment stage, in part because of the undisputed evidence which they now emphasize. *See* Dkt. 55. But that is not enough here. Plaintiff's claim was not successful, but it does not follow that, based on same evidence, it was meritless. *See Christiansburg* 434 U.S. at 421-22 (1978) ("[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."). County Defendants must connect the undisputed evidence to the high standard for a "frivolous, unreasonable, or foundationless" claim. They fail to make any argument of the sort. Instead, they simply state the fact and conclude that it "demonstrates that plaintiff brought and pursued all of her claims without foundation, and that her claims were unreasonable, meritless, vexatious, and frivolous." Dkt. 126 at 4. This kind of conclusory statement is not enough under

**MEMORANDUM DECISION AND ORDER - 8**

*Christianburg*.

In addition, the litigation history shows that Ms. Cole actually made efforts to drop meritless claims. By the summary judgment hearing, Ms. Cole had already agreed to dismiss claims III, IV, and VI from her Complaint. Dkt. 115 at 5. Ms. Cole had also stipulated to dismissing claims against County Defendants who are included in the present motion. *See* Dkt. 54 (Order dismissing claims against Defendants Sergeant Frasier, Daniel Renz, Eric Snarr, and Kent McClellan as individual defendants pursuant to stipulation of the parties); Dkt. 38 (Order dismissing all claims against Enrica Molina and Amber Prewitt pursuant to stipulation of the parties). While not dispositive, Ms. Cole's consolidation of her claims undermines County Defendants' contention that she continued to pursue claims after the litigation demonstrated they were frivolous.

### 2. Ms. Cole's summary judgment opposition briefing does not meet *Christianburg*'s standard for frivolous claims.

County Defendants further argue that Ms. Cole's summary judgment opposition brief demonstrates that she "pursued" frivolous claims. County Defendants take issue with what they characterize as "numerous assertions which were not supported by the record in the case." Dkt. 131 at 6. Moreover, County Defendants point to "Plaintiff's complete lack of record citation." Dkt. 126-1 at 4.

As an initial matter, County Defendants' frustration with Ms. Cole's brief is well-taken. Misleading and hyperbolic statements are inappropriate in court filings.

MEMORANDUM DECISION AND ORDER - 9

When coupled with inadequate citations to the record, litigants inappropriately expend already limited court resources. *See* Fed. R. Civ. P. 1. Still, the shortcomings in the brief are not so egregious as to meet the *Christianburg* standard.

County Defendants point to a handful of lines in Ms. Cole's summary judgment opposition brief, including Ms. Cole's statement that "[Ms. Eads received] literally no medical treatment at all" while being detained at MCCJC. Dkt. 126-1 at 4. While exaggerated, this statement refers to Dr. Anderson's supervision of Mr. McAllister and Ms. Bell. *See* Dkt. 67 at 17. The record shows that Dr. Anderson took a passive role in supervising the care Mr. McAllister provided to Ms. Eads. Dkt. 51-3 at 5 ("McAllister did not call me [Dr. Anderson] to consult or discuss [Ms. Eads'] case or care at any time prior to her death."); Dkt. 51-3 at 5 ("I never examined Eads, nor did I ever make chart notes concerning Eads. I also never made any diagnosis of Eads."). The context of the brief shows that Ms. Cole did not actually argue that Ms. Eads received no medical care while detained at MCCJC. This and other rhetorical missteps are simply insufficient to show that Ms. Cole pursued claims that had clearly become frivolous, unreasonable, or groundless.

County Defendants similarly contend that Ms. Cole's lack of record citations demonstrates that she brought and pursued a frivolous claim. Dkt. 131 at 6. As

**MEMORANDUM DECISION AND ORDER - 10**

discussed above, however, a statement of fact coupled with a legal conclusion is not enough under *Christianburg*. Put simply, poor lawyering does not itself make the underlying claims frivolous. Because County Defendants do not offer reasoning or argument to support their contention here, the Court will deny the motion.

    **C.    County Defendants complied with Local Rule 54.1 and are entitled to their requested costs.**

Ms. Cole also argues that County Defendants' request for costs fails to comply with Local Rule 54.1. That Rule states that the cost bill "must itemize the costs claimed and be supported by a certificate of counsel pursuant to 28 U.S.C. § 1924 that the costs are correctly stated." Ms. Cole appears to take issue with the inclusion of non-deposition costs that County Defendants incurred, but do not request. Dkt. 128 at 3. Ms. Cole claims the deposition costs should have been listed separately. Dkt. 128 at 3.

As County Defendants emphasize in their reply brief, the itemized list of costs clearly indicates the line items for deposition costs incurred. Dkt. 125 at 5. Moreover, County Defendants include a total of $5,355.67 for deposition costs on the required form. Local Rule 54.1(a)(1); Dkt. 125 at 1. Thus, County Defendants have complied with the Rule and are entitled to the $5,355.67 in deposition costs.

**MEMORANDUM DECISION AND ORDER - 11**

## CONCLUSION

In sum, the Court will not allow County Defendants attorney's fees. County Defendants are, however, entitled to costs.

## ORDER

**IT IS ORDERED that:**

1. Defendants' Motion for Attorney's Fees (Dkt. 126) is **DENIED**.

2. Defendants' Request for Costs (Dkt. 125) is **Granted**.

DATED: November 3, 2021

B. Lynn Winmill
U.S. District Court Judge